IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KEENEN KENNEDY, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 2:18-CV-43-WHA |
| | ) [WO] |
| WARDEN HENLINE OF E.C.J., *et al.*, | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed this *pro se* 42 U.S.C. § 1983 action on January 25, 2018. He filed the complaint while incarcerated at the Elmore County Jail in Wetumpka, Alabama.

On January 31, 2018, the court entered orders granting Plaintiff leave to proceed *in forma pauperis* and directing Defendants to file an answer and written report in response to the complaint. The January 31 orders also instructed Plaintiff to inform the court of any change in his address and cautioned him that his failure to comply with this requirement would result in dismissal of this action. *See* Docs. 3, 4.

On February 6, 2018, Plaintiff's copies of the January 31, 2018, orders were returned to the court marked as undeliverable because Plaintiff is no longer housed at the Elmore County Jail. On February 9, 2018, the court received correspondence from the Elmore County Sheriff's Department advising the court Plaintiff has been released from the Elmore County Jail. Doc. 7. In light of the foregoing, and as Plaintiff had not provided the court with a correct address since filing this complaint, the court entered an order requiring that by February 20, 2017, Plaintiff file with the court a current address and/or show cause why this case should not be dismissed for his failure to adequately prosecute this action. Doc. 6. This order specifically advised Plaintiff this

case could not proceed if his whereabouts remained unknown and cautioned him that his failure to comply with its directives would result in the dismissal of this case. *Id*. The court has received no response from Plaintiff to the aforementioned order nor has he provided the court with his current address.

The foregoing makes clear Plaintiff has failed to comply with the directives of the orders entered by this court and reflects a lack of interest in the continued prosecution of this case. This action cannot proceed properly in Plaintiff's absence. The court, therefore, concludes this case is due to be dismissed. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED without prejudice for Plaintiff's failures to comply with the orders of this court and to prosecute this action.

The Clerk is DIRECTED to furnish a copy of this Recommendation to Defendants.

 It is further

ORDERED that **on or before March 26, 2018**, Plaintiff may file an objection to the Recommendation. Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of a party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or

adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

    Done this 12th day of March, 2018.

                                        _____
                                      CHARLES S. COODY
                                      UNITED STATES MAGISTRATE JUDGE